Steven Burlingham, Esq. (Cal. Bar No. 88554)
GARY, TILL AND BURLINGHAM
5330 Madison Avenue, Suite F
Sacramento, California 95841
Telephone: (916) 900-1336
Facsimile: (916) 332-8153
E-mail: steveb@gtblaw.com

Milton L. Chappell, Esq. (D.C. Bar No. 936153)
Aaron B Solem, Esq. (*pro hac vice* to be filed)
c/o National Right to Work Legal
   Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22151
Telephone: (703) 321-8510
Facsimile: (703) 321-9319
E-mails: mlc@nrtw.org
        abs@nrtw.org

*Attorneys for Plaintiff William Hough*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**San Jose Division**

| | |
|---|---|
| William Hough, | **Case No.** |
| Plaintiff, | Judge: |
| v. | |
| Service Employees International Union Local 521; Santa Clara Valley Transportation Authority; Xavier Becerra, in his capacity as Attorney General of California; Edmund G. Brown, in his capacity as Governor of the State of California, | **CLASS ACTION COMPLAINT** |
| Defendants. | |

**COMPLAINT**

William Hough brings this plaintiff class action on behalf of himself and all others similarly situated, seeking redress for the defendants' past and ongoing violations of

1

constitutionally protected rights. The defendants have violated the representative plaintiff's and plaintiff class members' constitutional rights by forcing them to pay compulsory "agency fees" to the Service Employees International Union, Local 521 (SEIU) and its chapters and affiliates as a condition of his employment, even though they did not belong to this union and never voluntarily authorized the financial subsidization of the union's activities. The representative plaintiff seeks a refund of all unlawfully collected "agency fees" for himself and the plaintiff class, an injunction that forbids the defendants from collecting union fees from nonmembers without their consent, a declaratory judgement and injunction against the enforcement of the Meyers-Milias-Brown Act, § 3502.5 and portions of the collective bargaining agreements which require the payment of "agency fees," and costs and attorneys' fees under 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff William Hough resides and works in Santa Clara County, California.

4. Defendant SEIU, Local 521 is a labor union whose offices are located at 2302 Zanker Rd., San Jose, CA 95131. On information and belief, Local 521 conducts business and operations throughout the State of California and is headquartered in San Jose, California. Local 521 has entered into numerous collective bargaining agreements containing forced fees provisions with numerous public employers throughout California.

5. Defendant Santa Clara Valley Transportation Authority ("VTA") is a "public agency" pursuant to California Government Code § 3501(c), and has offices at 3331 North First Street, San Jose, California 95134. The VTA pays the wages of its employees, including Plaintiff Hough.

2

6. Defendant Xavier Becerra is the Attorney General of California. His office is in Sacramento, California. Attorney General Becerra is the chief law officer of the State and is charged with enforcing the State's laws—including Cal. Gov't Code §3502.5, which the plaintiff is challenging as unconstitutional. Attorney General Becerra is sued in his official capacity.

7. Defendant Edmund G. Brown is Governor of the State of California. His office is in Sacramento, California. Governor Brown is the representative of the State and is sued in his official capacity.

**STATEMENT OF THE CLAIM**

8. William Hough has been employed by the VTA since 2005. While working for the VTA, Mr. Hough refused to join SEIU, Local 521 or its affiliates because he did not wish to support them in any way. Nevertheless, Mr. Hough was forced to pay "agency fees" to SEIU, Local 521 as a condition of his continued employment under the collective bargaining agreement (attached as exhibit A) and an agency shop arrangement authorized by state law. *See* Cal. Gov't Code § 3502.5.

9. The compelled subsidies that Mr. Hough and his fellow class members have paid to SEIU, Local 521 and its affiliates as a condition of their employment violates their constitutional rights. *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018)

10. California authorizes SEIU, Local 521 and its affiliates to extract money from non-union members as a condition of their employment. *See, e.g.* Cal. Gov't Code § 3502.5 (authorizing collection of "agency fees" from nonmembers as a condition of employment). This statute is unconstitutional, along with any other statute that authorizes or establishes "agency shops" in public employment, or that allows a public-employee union to garnish the wages of public employees, or that permits public employers to seize the wages of public employees for the benefit of unions, without first securing the employee's affirmative, written, and freely given consent.

11. SEIU, Local 521 and its affiliates are acting under color of state law by imposing

and collecting these "agency fees," in accordance with the laws of California that authorize these "agency-shop" arrangements. *See* Cal. Gov't Code § 3502.5.

12. SEIU, Local 521 and its affiliates have committed the torts of conversion and trespass to chattels by appropriating money from nonunion "agency-fee" payers without securing their affirmative, written, and freely given consent, and they are liable in an action for tort, replevin, unjust enrichment, and restitution. SEIU, Local 521 cannot defend its tortious conduct by relying on Cal. Gov't Code § 3502.5, because that statutes is unconstitutional to the extent they purport to shield a public-employee union's compelled extraction of money from "agency-fee" payers. Unconstitutional statutes cannot confer immunity on tortious conduct.

**PLAINTIFF CLASS ALLEGATIONS**

13. The representative plaintiff brings this class action under Fed. R. Civ. P. 23(b)(1), (b)(2), and (b)(3). The class includes all individuals who: (1) are or were employed by a public agency within the State of California; (2) are or were nonmembers of SEIU, Local 521 at any time during the course of their employment with such public agency whithin the State of California; and (3) are or were compelled to pay "agency fees" or "fair share service fees" to SEIU, Local 521 and its affiliates without their affirmative consent to the knowing waiver of their First Amendment rights. The class includes everyone who has ever fallen within this definition, including former and retired employees who have moved to other States and anyone who comes within the class definition at any time before the conclusion of this action, including nonmembers that eventually joined the union.

13. The number of persons in the class makes joinder of the individual class members impractical.

14. There are questions of fact and law common to all class members. Factually, all class members are public employees and union nonmembers who are or were compelled to pay "agency fees" to SEIU, Local 521 and its affiliates as a condition of public

employment. Legally, the U.S. Constitution and California tort law afford the same rights to every member of the class.

15. The representative plaintiff's claims are typical of other members of the class, because each member of the class has not affirmatively consented to financially support SEIU, Local 521 and its affiliates, yet has been forced by state law and contract provisions to financially support SEIU, Local 521 and its affiliates.

16. The representative plaintiff adequately represents the interests of the class, and has no interests antagonistic to the class.

17. A class action can be maintained under Rule 23(b)(1)(A) because separate actions by class members could risk inconsistent adjudications on the underlying legal issues.

18. A class action can be maintained under Rule 23(b)(1)(B) because an adjudication determining the constitutionality of compulsory "agency fees" will, as a practical matter, be dispositive of the interests of all class members.

19. A class action can be maintained under Rule 23(b)(3) because the common questions of law and fact identified in the complaint predominate over any questions affecting only individual class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other things, all class members are subjected to the same violation of their constitutional rights, but the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions. The amount of the deductions or damages are known to defendants and/or SEIU, Local 521.

**CAUSES OF ACTION**

**COUNT I**

**(Violation of constitutional rights)**

20. The representative plaintiff and his fellow class members are suing SEIU, Local 521, Attorney General Becerra, Governor Brown, and the VTA, under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, for declaratory and injunctive relief

1 and damages, each of which supplies a cause of action for the individual and class-wide
2 relief that they are requesting.

3     21. Defendants, by deducting and collecting union dues under the color of state law
4 from the representative plaintiff and fellow class members without the requisite
5 affirmative consent, have and are violating their First Amendment rights to free speech
6 and association, as secured against state infringement by the Fourteenth Amendment to
7 the United States Constitution and 42 U.S.C. § 1983.

8     22. The representative plaintiff and fellow class members have suffered the
9 irreparable harm and injury inherent in a violation of First Amendment rights, for which
10 there is no adequate remedy at law, when forced to subsidize the SEIU, and will
11 thereafter continue to suffer irreparable harm and injury until Defendants SEIU, Local
12 521 and VTA, and the defendant class are enjoined by this Court.

## COUNT II
### (Violation of state tort law)

15     23. The representative plaintiff and his fellow class members are also suing SEIU,
16 Local 521 and its affiliates under the state-law actions of conversion, trespass to chattels,
17 replevin, unjust enrichment, restitution, and any other legal or equitable causes of action
18 that offer relief for this unlawful seizure of their personal property. The representative
19 plaintiff invokes the supplemental jurisdiction of this court over those state-law claims.
20 *See* 28 U.S.C. § 1367.

## DEMAND FOR RELIEF

22     24. The representative plaintiff respectfully requests that the court:
23     a.    certify the plaintiff class;
24     b.    declare that the representative plaintiff and his fellow class members have a
25           constitutional right not to financially support SEIU Local 521, its affiliates,
26           or any other union without first securing the employee's affirmative,
27           written, and freely given consent;

c.  declare that the deductions of forced fees from the representative plaintiff and his fellow class members violates the First Amendment;

d.  declare that state tort law protects the right of the representative plaintiff and his fellow class members not to have their wages garnished or redirected by SEIU, Local 521 or its affiliates without their affirmative, written, and freely given consent, and that any law or collective bargaining agreement that purports to override these protections of state tort law are unconstitutional and without legal effect;

e.  declare Cal. Gov't Code § 3502.5 unconstitutional because it allows public-employee unions to extract "agency fees" from nonmembers as a condition of their employment, and permanently enjoin Governor Brown, Attorney General Becerra, and all of their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing Cal. Gov't Code § 3502.5, or any other provision of state law that authorizes or enforces public-employee agency shops;

f.  declare Cal. Gov't Code § 3502.5 unconstitutional because it allows public-employee unions to compel nonmembers to pay money to a union-approved charity and penalizes them for exercising their constitutional right not to join or financially support a public-employee union, and permanently enjoin all Defendants and defendant class and all of their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing Cal. Gov't Code § 3502.5, or any other provision of state law that imposes financial penalties or deterrents on those who exercise their constitutional right not to join or financially support a union;

g.  declare that all collective-bargaining agreements between Defendants

SEIU, Local 521 and Santa Clara Valley Transportation Authority that compel the representative plaintiff and his fellow class members to pay "agency fees" or "fair share service fees" to SEIU Local 521 or its affiliates as a condition of their employment violate the constitutional rights of the representative plaintiff and his fellow class members;

h. order SEIU, Local 521 and its affiliates, to refund with interest all "agency fees" or "fair share service fees" that were unconstitutionally or unlawfully extracted from the representative plaintiff and his fellow class members;

i. permanently enjoin all defendants and defendant class, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from taking or redirecting any type of money from the representative plaintiff and his fellow class members without first obtaining the employee's affirmative, written, and freely given consent and knowing waiver of their First Amendment rights;

j. permanently enjoin all of the defendants and the defendant class, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing any provision of California law, or any provision of a collective-bargaining agreement, that requires that the representative plaintiff or his fellow class members pay money as a consequence for exercising one's constitutional right not to join or financially support a public-employee union;

k. award costs and attorneys' fees under 42 U.S.C. § 1988;

l. grant all other relief that the Court may deem just and proper.

| | |
|---|---|
| Respectfully submitted, | |
| | /s/ Milton L. Chappell |
| | Milton L. Chappell, Esq. (D.C. Bar No. 936153) |
| | Aaron B. Solem, Esq. (*pro hac vice* to be filed) |
| | c/o National Right to Work Legal |
| |     Defense Foundation, Inc. |
| | 8001 Braddock Road, Suite 600 |
| | Springfield, Virginia 22151 |
| | Telephone: (703) 321-8510 |
| | Facsimile: (703) 321-9319 |
| | E-mails: mlc@nrtw.org |
| |         abs@nrtw.org |
| | |
| | Steven R. Burlingham, Esq. (Cal. Bar No. 88554) |
| | GARY, TILL AND BURLINGHAM |
| | 5330 Madison Avenue, Suite F |
| | Sacramento, California 95841 |
| | Telephone: (916) 332-8122 |
| | Facsimile: (916) 332-8153 |
| | E-mail: steveb@gtblaw.com |
| | |
| | *Attorneys for Plaintiff William Hough* |