UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HOUGH,<br><br>   Plaintiff,<br><br>  v.<br><br>SEIU LOCAL 521,<br><br>   Defendant. | Case No. 18-cv-04902-VC<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 29 |

  Local 521's motion for summary judgment is granted. *Janus v. American Federation of State, County, & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018) does not entitle Hough to a refund of the fair-share fees he paid before the ruling came down. Assuming it's necessary to inquire whether the defendant's good-faith reliance on then-existing law bars Hough's refund claim under 42 U.S.C. § 1983, the defendants have indeed established good-faith reliance as a matter of law. This is so for the reasons provided in the following cases: *Janus v. American Federation of State, County, & Municipal Employees, Council 31*, No. 15 C 1235, 2019 WL 1239780, at *3 (N.D. Ill. Mar. 18, 2019); *Carey v. Inslee*, No. 3:18-CV-05208-RBL, 2019 WL 1115259, at *9 (W.D. Wash. Mar. 11, 2019); *Cook v. Brown*, No. 6:18-CV-01085-AA, 2019 WL 982384, at *7 (D. Or. Feb. 28, 2019); *Danielson v. American Federation of State, County, & Municipal Employees, Council 28*, 340 F. Supp. 3d 1083, 1087 (W.D. Wash. 2018).

  Moreover, considering this issue outside the rubric of good-faith reliance, there is a strong argument that when the highest judicial authority has previously deemed conduct constitutional, reversal of course by that judicial authority should never, as a categorical matter, result in retrospective monetary relief based on that conduct. Perhaps that's why the Supreme

Court did not address whether Mr. Janus himself was entitled to the refund he sought, instead simply remanding for further proceedings. *Janus*, 138 S. Ct. at 2486. At least in situations where the Supreme Court has reversed a prior ruling but not specified that the party before it is entitled to retrospective monetary relief, it seems unlikely that lower courts should even consider awarding retrospective monetary relief based on conduct the Court had previously authorized. *Cf. Shah v. Pan Am. World Servs., Inc.*, 148 F.3d 84, 91 (2d Cir. 1998); *see also Nunez-Reyes v. Holder*, 646 F.3d 684, 691 (9th Cir. 2011); *Crowe v. Bolduc*, 365 F.3d 86, 93 (1st Cir. 2004); *Glazner v. Glazner*, 347 F.3d 1212, 1216-21 (11th Cir. 2003).

**IT IS SO ORDERED.**

Dated: March 20, 2019

_____
VINCE CHHABRIA
United States District Judge